IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING REQUEST FOR RECONSIDERATION (Doc. 12.) |
| vs. | ORDER VACATING ORDER AND REINSTATING IN FORMA PAUPERIS STATUS (Doc. 11.) |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Lonnie Williams ("Plaintiff") is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on October 27, 2009. (Doc. 1.) On November 16, 2009, Plaintiff filed an amended complaint. (Doc. 5.)

On March 11, 2010, the undersigned issued an order finding Plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. 1915(g) and requiring Plaintiff to pay the $350.00 filing fee for this action within thirty days. (Doc. 11.) On March 29, 2010, Plaintiff filed a request for the court to reconsider its order. (Doc. 12.)

## II. RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

1

(en banc).  The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff requests reconsideration of the court's order of March 11, 2010, finding him ineligible to proceed in forma pauperis under 28 U.S.C. § 1915(g).  Plaintiff argues that he is eligible to proceed in forma pauperis because at the time he filed the complaint for this action, he was under imminent danger of serious physical injury.

**III.    SECTION 1915(g)**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The court has found that Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1]  The court also found that Plaintiff was not under imminent danger at the time he filed the complaint.  (See Doc. 11.)  However, Plaintiff argues that at the time he filed the complaint, he was under imminent danger because he was being deliberately poisoned him with arsenic by correctional officers.  The court has re-reviewed the original complaint.  In the original complaint, Plaintiff alleges that since his arrival at Corcoran State Prison on September 21, 2009, defendants and other correctional officers have retaliated against him for filing and maintaining grievances against prison officials, and for his role as a witness in a civil case.  Plaintiff alleges that defendants conspired against him by placing poison

---

[1] The Court takes judicial notice of 4:04-cv-00782-CW Williams v. McGrath, et al (N.D. Cal.) (dismissed for failure to state a claim on 06/25/2004), 4:04-cv-02543-CW Williams v. Hagar, et al. (N.D. Cal.) (dismissed for failure to state a claim on 11/10/2004), and C-04-3211-CW(PR) In Re: Antonio Luis Williams (N.D. Cal.) (dismissed for no legal merit on 12/22/2004 by order finding plaintiff barred from proceeding in forma pauperis under § 1915(g) due to three strikes in the Northern District of California court).

in his food, which caused him to become very sick, and then denying him emergency medical care. Plaintiff alleges that he "is still being poisoned through [his] foods and deprived emergency or any medical treatments." Based on these allegations, the court finds that Plaintiff has shown he was under imminent danger of serious physical injury at the time he filed the original complaint. Therefore, Plaintiff is not precluded under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action. The court shall vacate its order and reinstate Plaintiff's in forma pauperis status.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration is GRANTED;
2. The court's order of March 11, 2010 is VACATED in its entirety; and
3. Plaintiff's in forma pauperis status is REINSTATED.


IT IS SO ORDERED.

**Dated:   April 30, 2010**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

3