IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND COMPLAINT |
| vs. | (Doc. 10.) |
| EDWARD S. ALAMEIDA, JR., et al., | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | |

Lonnie Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on October 27, 2009. (Doc. 1.) On November 16, 2009, Plaintiff filed an amended complaint. (Doc. 5.) On March 1, 2010, Plaintiff filed a motion for leave to amend the complaint to add additional defendants. (Doc. 10.)

***Rule 15 -- Motion to Amend***

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has already amended the complaint once, Plaintiff's pending motion to amend must be granted by the court before he can file a Second Amended Complaint.

1

1  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
2  requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
3  (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
4  amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
5  delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient
6  to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
7  708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

8  Here, Plaintiff's case has been pending since October 27, 2009.  The delay in litigation will
9  be further extended if Plaintiff is given leave to amend.  However, given that the complaint has not
10 been served, and no other party has appeared in the action, amending the complaint will not
11 prejudice the opposing party.  Plaintiff seeks leave to add defendants.  Good faith appearing, the
12 court finds that in the interest of justice, plaintiff's motion to amend the complaint shall be granted.

13 Plaintiff should note that although he has been given the opportunity to amend, it is not for
14 the purposes of adding new defendants relating to issues arising after October 27, 2009.  In addition,
15 Plaintiff should take care to include only those claims that have been exhausted prior to the initiation
16 of this suit on October 27, 2009.  Moreover, Plaintiff may not change the nature of this suit by
17 adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th
18 Cir. 2007) (no "buckshot" complaints).

19 Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
20 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
21 supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.  1967).  Once an
22 amended complaint is filed, the original complaint no longer serves any function in the case.
23 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of
24 each defendant must be sufficiently alleged.  The Second Amended Complaint should be clearly and
25 boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original
26 signed under penalty of perjury.
27 ///
28

2

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;
2. The Clerk of the Court shall send one civil rights complaint form to Plaintiff;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint;
4. The Second Amended Complaint shall be clearly and boldly titled "Second Amended Complaint," refer to case number 1:09-cv-01882-LJO-GSA-PC, and be an original signed under penalty of perjury; and
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:** **April 30, 2010**        /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

3