IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>P. RODRIGUEZ, et al.,<br><br>　　　　Defendants.<br> | 1:09-cv-01882-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 14.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On May 3, 2010, the court issued an order granting plaintiff thirty days in which to file a second amended complaint. (Doc. 14.) On May 21, 2010, Plaintiff was granted a thirty-day extension of time to comply with the court's order. (Doc. 20.) The latest thirty-day period has now expired, and plaintiff has not filed a second amended complaint or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1       "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
2 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has
3 been pending since October 2009. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's
4 disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce
5 resources assisting a litigant who will not help himself by either submitting a second amended complaint
6 or requesting another extension of time. Thus, both the first and second factors weigh in favor of
7 dismissal.

8       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
9 itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk
10 that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file
11 comply with the court's order and file a second amended complaint that is causing delay. Therefore, the
12 third factor weighs in favor of dismissal.

13       As for the availability of lesser sanctions, at this stage in the proceedings there is little available
14 to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
15 unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action,
16 making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion
17 of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this
18 case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of
19 dismissal with prejudice.

20       Finally, because public policy favors disposition on the merits, this factor will always weigh
21 against dismissal. Id. at 643.

22       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
23 plaintiff's failure to obey the court's order of May 3, 2010.

24       These findings and recommendations are submitted to the United States District Judge assigned
25 to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being
26 served with these findings and recommendations, plaintiff may file written objections with the court.
27 Such a document should be captioned "Objections to Magistrate Judge's Findings and
28

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 12, 2010**               /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

3