# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. RODRIGUEZ, et al.,<br><br>　　　　Defendants.　　　　／ | CASE NO. 1:09-cv-01882-LJO-GSA PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS |

I. **Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action was initiated by civil complaint filed by Plaintiff on October 27, 2009. On November 16, 2009, Plaintiff filed a first amended complaint. On March 11, 2010, an order was entered, finding Plaintiff ineligible to proceed in forma pauperis. The Court found that Plaintiff had suffered three "strikes" within the meaning of 28 U.S.C. § 1915(g), and could not proceed without the payment of the filing fee, in full. Plaintiff filed objections to the March 11, 2010, order. On April 30, 2010, an order was entered by the District Court, vacating the March 11, 2010, order, and reinstating Plaintiff's in forma pauperis status.

In the April 30, 2010, order, the Court noted that Plaintiff alleged that Defendants conspired against him by placing poison in his food, which caused him to be very sick, and then denied him

1

emergency medical care. Plaintiff alleged that he was "still being poisoned through foods and deprived emergency or any medical treatments." The Court found that those allegations satisfied the imminent danger exception to section 1915(g). The Court reinstated Plaintiff's in forma pauperis status, and granted his request to file a second amended complaint. On September 2, 2010, Plaintiff filed the second amended complaint that is now before the Court,

**II.     Second Amended Complaint**

In the second amended complaint, Plaintiff names 119 individual defendants, and sets forth multiple claims. Of the 119 defendants, Plaintiff names approximately 90 employees of the Los Angeles County Sheriff's Department (mostly deputy sheriffs), 11 correctional officials at Corcoran State Prison, 6 correctional officials at North Kern State Prison, and a Superior Court Judge. Plaintiff's complaint consists of 102 pages, the bulk of which is rambling narrative. The Court can discern the following claims: conduct related to Plaintiff's underlying criminal offense; conduct by the California Commission on Judicial Performance; conspiracy to murder Plaintiff; retaliation; water contamination; arsenic poisoning; transgender medical needs; sexual misconduct by correctional staff; corrupt business practices; breach of confidentiality; medical negligence.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

1  that defendant is employed and in what capacity, and explain how that defendant acted under color
2  of state law.  Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must
3  describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

4  In the March 11, 2010, order the Court noted that Plaintiff's allegations regarding food
5  poisoning satisfied the § 1915(g) exception.  In the second amended compliant, Plaintiff includes
6  numerous unrelated claims to those allegations.  "The controlling principle appears in Fed.R.Civ.P.
7  18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-
8  party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or
9  maritime, as the party has against an opposing party.'  Thus multiple claims against a single party
10 are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B
11 against Defendant 2. Unrelated claims against different defendants belong in different suits, not only
12 to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure
13 that prisoners pay the required filing fees.

14  Plaintiff's second amended complaint is voluminous and includes multiple unrelated claims
15 against differing defendants.  While it appears that Plaintiff may be able to state at least one
16 cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single
17 filing.  Plaintiff will be given an opportunity to file a third amended complaint under this case
18 number, wherein he is directed to plead/allege only claims related to his food poisoning allegations.
19 All unrelated claims should be brought in separate suits.

20  Plaintiff is advised that a short and simple statement of his claim will speed the screening of
21 his case, and will help the litigation proceed in a more efficient manner.  Plaintiff is advised that this
22 court has pending before it many prisoner civil rights cases.  In the Eastern District of California, the
23 federal judiciary is inundated with prisoner civil rights cases.  In the interest of judicial efficiency
24 and in the interest of timely addressing the many constitutional claims before it, the court therefore
25 directs Plaintiff to file an amended complaint that complies with the following conditions:

26  1. The amended complaint must be legibly written or typewritten on forms supplied by the
27 court and signed by the plaintiff.

28  2. The form must be completed in accordance with the instructions provided with the forms.

3

1       3. The amended complaint must be a short, simple and concise statement of the claim.

2       4. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

5. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

### III. Conclusion and Order

The Court has screened Plaintiff's second amended complaint and finds that it does not comply with the pleading requirements of Federal Rules of Civil Procedure 8(a) and 18(a). The Court will provide Plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send to Plaintiff a complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint;

3. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint;

4. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

5. The form must be completed in accordance with the instructions provided with the forms.

6. The amended complaint must be a short, simple and concise statement of the claim.

7. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

8. The court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

9. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:  **June 17, 2011**        /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE