**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 31.) |
| v. | |
| P. RODRIGUEZ, et al., | |
| Defendants. | THIRTY-DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT NOT TO EXCEED TWENTY-FIVE PAGES |

## I.  RELEVANT PROCEDURAL HISTORY

Lonnie Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff on October 27, 2009. On November 16, 2009, Plaintiff filed the First Amended Complaint.

On March 11, 2010, an order was entered, finding Plaintiff ineligible to proceed in forma pauperis. The Court found that Plaintiff had suffered three "strikes" within the meaning of 28 U.S.C. § 1915(g), and could not proceed without the payment of the filing fee, in full. Plaintiff filed objections to the March 11, 2010, order. On April 30, 2010, an order was entered by the District Court, vacating the March 11, 2010, order, and reinstating Plaintiff's in forma pauperis status. In the April 30, 2010, order, the Court noted that Plaintiff alleged that Defendants conspired against

her[1] by placing poison in her food, which caused her to be very sick, and then denied her emergency medical care. Plaintiff alleged that she was "still being poisoned through foods and deprived emergency or any medical treatments." The Court found that those allegations satisfied the imminent danger exception to section 1915(g). The Court reinstated Plaintiff's in forma pauperis status, and granted her request to file a Second Amended Complaint.

On September 2, 2010, Plaintiff filed the Second Amended Complaint. The Court screened the Second Amended Complaint and entered an order on June 17, 2011, dismissing the Second Amended Complaint for failure to comply with Rules 8 and 18 of the Federal Rules of Civil Procedure, with leave to amend. On August 8, 2011, Plaintiff filed the Third Amended Complaint, which is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences,"

---

[1] Plaintiff Lonnie Williams is a transsexual diagnosed with Gender Identity Dsyphoria and requests to be referred to as a female. (3ACP at 5 n.1.)

2

Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF THIRD AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California. The events at issue occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was housed there. Plaintiff names as defendants Correctional Officer ("C/O") P. Rodriguez, Sergeant ("Sgt.") H. A. Sumaya, C/O Gary Torres, Dr. Moon, Sgt. K. Vogel, Lieutenant ("Lt.") G. Tracey, C/O F. Camacho, Sgt. Solis, C/O H. Rocha, G. Ekizian, Sgt. Beer, Sgt. J. M. Martinez, C/O Robles, C/O Grimsley, C/O H. German, A. Rivas, C/O M. Gonzalez, C/O J. Clark, E. Alanis, G. Hackworth, C. Sanchez, and Sgt. Peters. All of the defendants were employed at CSP at the time of the events at issue.

Plaintiff alleges as follows in the Third Amended Complaint.

Plaintiff was transferred from North Kern State Prison to CSP en route to testify in federal court in Fresno as a witness in a civil rights action filed by inmate John E. James III. Plaintiff was called to testify on September 28, 2009, on behalf of inmate James against defendants in James' action which included Sgt. Beer, Sgt. J. M. Martinez, Sgt. K. Vogel, C/O Gary Torres, C/O H. German, C/O Robles, and C/O Grimsley. Plaintiff had witnessed these officials brutally attack inmate James at CSP.

Upon her arrival at CSP, Plaintiff was placed in segregated housing with defendants C/O Rodriguez, Sgt. H. A. Sumaya, G. Ekizian, and C/O F. Camacho, who conspired with each other and with defendants C/O Gary Torres, Sgt. K. Vogel, Sgt. Beer, Sgt. J. M. Martinez, C/O Robles, C/O Grimsley, and C/O H. German to attempt to murder Plaintiff in retaliation for Plaintiff testifying as a witness against them. Plaintiff was served and consumed foods that the defendants knew contained poison, and Plaintiff became severely ill. Plaintiff violently vomited and suffered severe stomach, liver, and kidney pain, and bleeding from the rectum. Plaintiff suffered from itchy, flaky scalp and skin, constipation, inflamed and swollen prostate gland, swollen and infected bladder, hemorrhoids,

heart pain, breathing problems, decaying teeth, bleeding gums, blurred vision, headache, other aches and pains, and disorientation. Plaintiff was poisoned every day from September 21, 2009 until she was returned to NKSP. Plaintiff believed that she would die.

Defendant C/O Gary Torres was working in R&R on the day Plaintiff arrived at CSP. As soon as Plaintiff came into R&R, defendant Torres said to Plaintiff, "Welcome back, faggot! Long time no see!" (3ACP, Doc. 31 at 9.)[2] Torres then stated, "You want to testify against me? This time I will try to kill you!" Id. Torres told the officers to "make sure this faggot gets nothing," and the officers agreed. Id. C/O P. Rodriguez told Plaintiff, "Enjoy your stay here, because you don't have shit coming," and "I spoke to Torres, so I know what is going on!" Id.

When Plaintiff attempted to obtain medical treatment for arsenic poisoning, C/O P. Rodriguez told Dr. Moon, "He's lying! No one is poisoning him." Id. Sgt. H. A. Sumaya told Dr. Moon, "He's always making up false shit about the officers. No one's poisoning him!" Id. at 10. When Plaintiff informed Dr. Moon that "The officers cannot intervene in my medical treatment," Dr. Moon said, "You look healthy to me and I am not ordering any heavy-metal tests on you! I'm done!" Id. Plaintiff was forcefully escorted back to her cell without any medical treatment, in pain from the poisoning.

When Sgt. K. Vogel approached Plaintiff's cell door, Plaintiff told him, "I am being poisoned and I am very sick! I am throwing up - see the vomit in the toilet?" Id. Sgt. Vogel looked in the toilet and said, "That's not very lady-like, Williams." Id. Plaintiff demanded to see a medical doctor. Sgt. Vogel stated, "What for? I don't see anything wrong with you!" and walked away. Id. When Plaintiff threatened to sue Sgt. Vogel, Vogel said, "Whatever! It won't be the first time you tried." Id.

Plaintiff asked C/O H. Rocha for medical help, and Rocha stated, "No! Go sit down!" Id. Plaintiff asked defendants A. Rivas, C/O M. Gonzalez, C/O Clark, E. Alanis, G. Hackworth, C. Sanchez, Sgt. Solis, Sgt. H. A. Sumaya, Sgt. Peters, Lt. G. Tracey, and C/O F. Camacho for medical help, and each stated, "No!" Id.

---

[2] When the pagination on a document differs from the pagination assigned on the court record by CM-ECF, the Court's electronic filing system, the Court uses the CM-ECF pagination.

1  Defendants did not comply with the Administrative Procedure Act or the federal court's order
2  issued on March 30, 2006 in Plata v. Schwarzenegger; case number 01-1351-TEH.

3  On September 22, 2009, Plaintiff attempted to file a prison grievance addressing the
4  allegations in the Third Amended Complaint, but C/O P. Rodriguez intercepted the grievance and
5  tore it up in Plaintiff's presence, stating, "You just won't learn, will you!"

6  Plaintiff alleges she suffered physical harm and mental distress. Plaintiff requests monetary
7  damages, declaratory and injunctive relief, and attorney's fees and costs.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.  Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d

1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff alleges that defendants Rodriguez, Sumaya, Ekizian, Camacho, Torres, Vogel, Beer, Martinez, Robles, Grimsley, and German conspired with each other to attempt to murder Plaintiff by poisoning her food, in retaliation for Plaintiff testifying against some of the officers in a civil rights action. Plaintiff alleges that she was served foods that the defendants knew contained poison, and Plaintiff became severely ill.

Plaintiff also alleges that defendant Torres told the officers to "make sure this faggot gets nothing," and the officers agreed. (3ACP at 9.) Plaintiff alleges that defendant Rodriguez told him, "Enjoy your stay here, because you don't have shit coming!" and "I spoke to Torres, so I know what is going on!" Id.

Plaintiff fails to state a claim against defendants for conspiracy to poison Plaintiff's food, because Plaintiff fails to allege facts showing that any of the defendants made an agreement with each other to poison Plaintiff. It is not sufficient to allege that the defendants "conspired with each other."

Plaintiff also fails to state a claim for conspiracy against the defendants who agreed with defendant Torres to "make sure Plaintiff gets nothing," because Plaintiff fails to specify which of the officers, besides C/O Rodriguez, agreed with Torres, what overt act was done in furtherance of the conspiracy, and how Plaintiff was deprived of her constitutional rights. To the extent that Plaintiff meant that defendants agreed to deprive her of food, Plaintiff has not alleged that she was deprived of food.[3]

Therefore, Plaintiff fails to state a claim for conspiracy.

///

---

[3] On the face of the Third Amended Complaint, Plaintiff indicates a claim for "Deprivation of Food." (3ACP at 1.) However, Plaintiff fails to allege anywhere else in the Third Amended Complaint that she was deprived of food.

6

**B.     Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that defendants Rodriguez, Sumaya, Ekizian, Camacho, Torres, Vogel, Beer, Martinez, Robles, Grimsley, and German attempted to murder Plaintiff by poisoning her food, in retaliation for Plaintiff's intent to testify against some of the officers in a civil rights action filed by inmate John E. James III. The alleged retaliation began immediately after Plaintiff arrived at CSP en route to testify in James' case. Plaintiff alleges she had witnessed some of the officers brutally attack inmate James at CSP.

Plaintiff has not plausibly alleged that defendants took any adverse action against her. Plaintiff's allegation that eleven of the defendants tried to murder her by poisoning her food, without more, is implausible and conclusory. Plaintiff has not alleged plausible facts supporting her claim that each of these defendants acted against her by somehow placing poison in her food or arranging for poisoned food to be served to her. Thus, Plaintiff fails to satisfy the first element of a retaliation claim and therefore fails to state a claim for retaliation.

**C.     Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The

7

circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff alleges that defendants Rodriguez, Sumaya, Ekizian, Camacho, Torres, Vogel, Beer, Martinez, Robles, Grimsley, and German attempted to murder her by poisoning her food. Plaintiff alleges she was served and consumed foods at CSP that these defendants knew contained poison, causing Plaintiff to become severely ill. Plaintiff alleges she was poisoned every day for a period of time, apparently without knowing she was consuming poison, and suffered from a plethora of symptoms including vomiting, pain, bleeding from the rectum, itchy and flaky skin, constipation, infection, decaying teeth, blurred vision, and more.

These allegations, without more, are insufficient to state a claim, because they are conclusory and implausible. As discussed above, "mere conclusory statements, do not suffice" to state a claim, Iqbal, 129 S.Ct. at 1949; courts "are not required to indulge unwarranted inferences," Wal-Mart Stores, Inc. 572 F.3d at 681; and a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face,'" Iqbal at 1949. Plaintiff fails to link any individual defendant with an act, or omission to act, demonstrating that the defendant placed poison in Plaintiff's food, arranged for poisoned food to be served to Plaintiff, or allowed Plaintiff to be served poisoned food. Furthermore, Plaintiff fails to explain how she discovered that her food was being poisoned and that those defendants were responsible. The fact that Plaintiff suffered from serious physical symptoms, in itself, is not proof that Plaintiff was being poisoned.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement.

### D.   Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that when she attempted to obtain medical treatment, defendants Rodriguez and Sumaya told Dr. Moon that she was making things up, and Dr. Moon refused to treat Plaintiff. Plaintiff alleges that defendant Vogel refused to assist Plaintiff in obtaining medical treatment when Plaintiff showed Vogel that she had vomited and told Vogel she was being poisoned and was very sick. Plaintiff also alleges that she asked defendants Rivas, Rocha, Clark, Alanis, Hackworth, Sanchez, Camacho, Gonzalez, Solis, Sumaya, Peters, and Tracey for medical help, and they all denied her medical assistance.

///

Plaintiff fails to state a cognizable medical care claim, because Plaintiff has not alleged facts demonstrating that any of the defendants knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff may be able to state a medical care claim and shall be granted leave to file an amended complaint. However, as discussed above, "the indifference to [Plaintiff's] medical needs must be substantial" to state a claim, Broughton, 622 F.2d at 460. "'If a prison official should have been aware of [a substantial] risk [of serious harm], but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff fails to make factual allegations showing that any of the defendants knew of and consciously disregarded an excessive risk to her health, causing harm.

Based on the foregoing, Plaintiff fails to state a cognizable medical care claim against any of the defendants.

### E. Appeals Process

Plaintiff alleges that defendant C/O Rodriguez interfered with her ability to use the prison appeals process. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Thus, since she has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of her 602 inmate appeals.

**F.     State Law Claims**

Plaintiff brings claims against defendants for negligence and failure to comply with the Administrative Procedure Act. The Administrative Procedure Act, Cal.Govt.Code § 11340 et seq., was enacted by the state of California.

Plaintiff is informed that violation of state tort law such as negligence, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, the Court fails to find any cognizable federal claims in the Third Amended Complaint. Therefore, Plaintiff's state law claims fail.[4]

**G.     Federal Court Order in Plata v. Schwarzenegger**

Plaintiff alleges that defendants are not in compliance with the federal court order issued on March 30, 2006, in Plata v. Schwarzenegger, case 01-1351-TRH. Plaintiff is advised that if she wishes to raise an issue of compliance with an order from the Plata case, she must raise it in the Plata case.

**H.     Claims for Equitable Relief and Attorney Fees**

In addition to money damages, Plaintiff seeks injunctive relief, declaratory relief, and attorney's fees and costs.

When an inmate seeks injunctive relief concerning the prison where he or she is incarcerated, his or her claims for such relief become moot when the inmate is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at CSP, and Plaintiff is no longer housed at CSP. Moreover, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part,

---

[4] At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state law claims.

"Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of her federal rights.

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that defendants violated Plaintiff's rights is unnecessary.

With regard to attorney's fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b). Plaintiff's contention that she is entitled to attorney's fees if she prevails is without merit. Plaintiff is representing herself in this action. Because Plaintiff is not represented by an attorney, she is not entitled to recover attorney's fees if she prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff fails to state any cognizable claims in the Third Amended Complaint upon which relief can be granted under section 1983 against any of the defendants. Therefore, the Third Amended Complaint shall be dismissed for failure to state a claim, with leave to amend.

1          Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file a Fourth Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

         The Fourth Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added).

         As discussed in the Court's previous screening order, twenty-five pages is more than sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's Fourth Amended Complaint may not exceed twenty-five pages in length, without leave of court. Also, as discussed above, Plaintiff should omit from the Fourth Amended Complaint her claim arising from noncompliance with the federal court order in the Plata case.

         Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated issues. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:09-cv-01882-LJO-GSA-PC;

5. The Fourth Amended Complaint may not exceed twenty-five pages in length, without leave of court; and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 8, 2011**              /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE