1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    LONNIE WILLIAMS,                          1:09-cv-01882-LJO-GSA-PC

12              Plaintiff,                       ORDER DENYING MOTION FOR CHANGE OF
           v.                                    VENUE
13                                               (Doc. 33.)
      P. RODRIGUEZ, et al.,

14
                 Defendants.
15
                                          /
16

17    **I.    RELEVANT PROCEDURAL HISTORY**

18          Lonnie Williams ("Plaintiff") is a state prisoner in the custody of the California Department

19    of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights

20    action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil Complaint filed by Plaintiff

21    on October 27, 2009.  (Doc. 1.)  No other parties have appeared.

22          On December 30, 2011, Plaintiff filed a motion for change of venue, which is now before the

23    Court.  (Doc. 33.)

24    **II.   CHANGE OF VENUE**

25          "For the convenience of parties and witnesses, in the interest of justice, a district court may

26    transfer any civil action to any other district or division where it might have been brought." 28

27    U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on

28    diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

                                               1

1  defendants reside in the same State, (2) a judicial district in which a substantial part of the events or

2  omissions giving rise to the claim occurred, or a substantial part of the property that is the subject

3  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

4  district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "Upon motion, consent

5  or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing

6  thereof, may be transferred, in the discretion of the court, from the division in which pending to any

7  other division in the same district."   28 U.S.C. §1404(b).  "A district court may order any civil

8  action to be tried at any place within the division in which it is pending."  28 U.S.C. §1404(c).

9        Plaintiff brings a motion for change of venue from the Eastern District of California to the

10  Southern District of California.  At the time Plaintiff filed the motion, he was housed at the R. J.

11  Donovan Correctional Facility (RJDCF) in San Diego, California, which is located in the Southern

12  District of California.  Plaintiff argues that he should not be transported within the Eastern District

13  because of his health.  Plaintiff asserts that he suffers from HIV and has been permanently restricted

14  from housing in Kings County, Kern County, or any other [San Joaquin] Valley state prison, due to

15  the danger of contracting Valley Fever.  Plaintiff contends that he can only be housed at RJDCF,

16  California State Prison-Los Angeles County in Lancaster, or Mule Creek State Prison, all which are

17  located outside the Eastern District.  Plaintiff has knowledge that he may be transferred to Corcoran

18  State Prison ("CSP"), in Corcoran, California, within the Eastern District, and housed there while

19  he attends court for this action, and he is fearful for his health.  Plaintiff also argues that it will be

20  costly to transport him from San Diego to Corcoran and back.

21        Plaintiff's claims in this action, brought pursuant to 42 U.S.C. § 1983, stem from events that

22  occurred in 2009 at CSP, when Plaintiff was housed there, and all of the defendants named in

23  Plaintiff's Complaint were employed at CSP at the time of the events at issue.  Because all of the

24  defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claims

25  occurred in the Eastern District, venue for this action is proper in the Eastern District, and the action

26  could not have been brought in any other district.  Therefore, the Court may not transfer this action

27  to the Southern District of California.

28  ///

It appears from the court docket that Plaintiff has now been transferred to California State Prison-Sacramento ("CSP-Sac"), which is located in the San Joaquin Valley and the Eastern District of California.  Due to Plaintiff's transfer to CSP-Sac, Plaintiff's motion for change of venue to avoid being transported within the Eastern District is moot.

**III.    CONCLUSION**

In light of the foregoing, Plaintiff's motion for change of venue, filed on December 30, 2011, is DENIED.


IT IS SO ORDERED.

**Dated:    June 12, 2012**                         **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE