# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED WITH THE FOURTH AMENDED COMPLAINT AGAINST DEFENDANTS TORRES AND RODRIGUEZ FOR RETALIATION, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM (Doc. 36.) |
| v. | |
| P. RODRIGUEZ, et al., | |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.   RELEVANT PROCEDURAL HISTORY**

Lonnie Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil Complaint filed by Plaintiff on October 27, 2009. (Doc. 1.) On November 16, 2009, Plaintiff filed the First Amended Complaint. (Doc. 5.)

On March 11, 2010, an order was entered, finding Plaintiff ineligible to proceed in forma pauperis. (Doc. 11.) The Court found that Plaintiff had suffered three "strikes" within the meaning of 28 U.S.C. § 1915(g), and could not proceed without the payment of the filing fee, in full. Plaintiff filed objections to the March 11, 2010, order. (Doc. 12.) On April 30, 2010, an order was entered

1

by the District Court, vacating the March 11, 2010 order and reinstating Plaintiff's in forma pauperis status. (Doc. 13.) In the April 30, 2010, order, the Court noted that Plaintiff alleged that Defendants conspired against him by placing poison in his food, which caused him to be very sick, and then denied him emergency medical care. Plaintiff alleged that he was "still being poisoned through foods and deprived emergency or any medical treatments." The Court found that those allegations satisfied the imminent danger exception to section 1915(g). The Court reinstated Plaintiff's in forma pauperis status, and granted his request to file a Second Amended Complaint.

On September 2, 2010, Plaintiff filed the Second Amended Complaint. (Doc. 27.) The Court screened the Second Amended Complaint and entered an order on June 17, 2011, dismissing the Second Amended Complaint for failure to comply with Rules 8 and 18 of the Federal Rules of Civil Procedure, with leave to amend. (Doc. 28.) On August 8, 2011, Plaintiff filed the Third Amended Complaint. (Doc. 31.) On December 9, 2011, the Court dismissed the Third Amended Complaint for failure to state a claim, with leave to amend. (Doc. 32.) On January 19, 2012, Plaintiff filed the Fourth Amended Complaint, which is now before the Court for screening. (Doc. 36.) This action was referred to the undersigned for the limited purpose of screening the Fourth Amended Complaint.

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal 129 S.Ct. at 1949.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.   SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Sacramento in Represa, California.  The events at issue occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was housed there.  Plaintiff names as defendants Correctional Officer ("C/O") P. Rodriguez, Sergeant ("Sgt.") H. A. Sumaya, C/O Gary Torres, Dr. Moon, Sgt. K. Vogel, and Magistrate Judge Gary S. Austin.  All of the defendants except Magistrate Judge Austin were employed at CSP at the time of the events at issue.

Plaintiff alleges as follows in the Fourth Amended Complaint.

Plaintiff was transferred from North Kern State Prison ("NKSP") to CSP en route to testify at the federal court in Fresno as a witness in a civil rights action filed by inmate John E. James III. Plaintiff was called to testify on September 28, 2009, on behalf of inmate James against defendants in James' action who included Sgt. Beer, Sgt. J. M. Martinez, Sgt. K. Vogel, C/O Gary Torres, C/O H. German, C/O Robles, and C/O Grimsley.  Plaintiff had witnessed these officials brutally attack inmate James at CSP.

Defendant C/O Gary Torres was working in R&R on September 21, 2009, the day Plaintiff arrived at CSP.  As soon as Plaintiff came into R&R, defendant Torres said to Plaintiff, "Welcome back, faggot!  Long time no see!" (Fourth Amended Complaint ("4ACP"), Doc. 36 at 6.)  Torres then stated, "You want to testify against me?  This time I will try to kill you!"  Id.  Torres told defendants Sumaya and Vogel to "make sure this faggot gets nothing," and they agreed.  Id.  The following day, C/O P. Rodriguez told Plaintiff, "Enjoy your stay here, because you don't have shit coming," and "I spoke to Torres, so I know what is going on!"  Id.

///

///

Plaintiff alleges that he was previously poisoned by CDCR prison officials and had a heavy-metal toxicology blood test performed which detected arsenic, mercury and lead in Plaintiff's blood.[1] Plaintiff alleges that he was poisoned every day from September 21, 2009 until he was returned to NKSP. Plaintiff was having the same symptoms of arsenic poisoning, which consisted of violent vomiting, stomach, liver, and kidney pains, bleeding from the rectum, enlarged prostate, bleeding and constant urination, infected and swollen bladder, hemorrhoids, severely dry, flaky scalp and skin, severe itching, constipation, heart and chest pains, breathing problems, decaying teeth, bleeding gums, blurred vision, explosive headaches, body aches and pains, disorientation, and inability to concentrate. Plaintiff believed that he would die.

On October 22, 2009, Plaintiff submitted an emergency medical request form, requesting a visit with the medical doctor for arsenic poisoning and requesting that a heavy-metal toxicology blood and urine analysis be conducted immediately. Plaintiff was scheduled for a routine – not emergency – primary care provider visit within fourteen calendar days.

On November 5, 2009, Plaintiff met with Dr. Moon. Officers Rodriguez and Sumaya intervened and told Dr. Moon, "He's lying! No one is poisoning him. He's always making up false shit about the officers. No one's poisoning him!" (4ACP, Doc. 36 at 7:11-14.) When Plaintiff informed Dr. Moon, "The officers cannot intervene in my medical treatment," Dr. Moon said, "You look healthy to me and I am not ordering any heavy-metal tests on you! I'm done!" Id. Plaintiff was forcefully escorted back to his cell without any medical treatment, in severe pain from the poisoning.

When Sgt. K. Vogel approached Plaintiff's cell door, Plaintiff told him, "I am being poisoned and I am very sick! I am throwing up - see the vomit in the toilet?" Id. Sgt. Vogel looked in the toilet and said, "That's not very lady-like, Williams." Id. Plaintiff demanded to see a medical doctor. Sgt. Vogel stated, "What for? I don't see anything wrong with you!" and walked away. Id. When Plaintiff threatened to sue Sgt. Vogel, Vogel said, "Whatever! It won't be the first time you tried." Id. Defendant Vogel deliberately deprived Plaintiff of medical treatment, in retaliation for

---

[1] Within the narrative of the Fourth Amended Complaint, Plaintiff refers to Exhibits A-C and Attachments 1-3. However, the Fourth Amended Complaint has no exhibits or attachments. (Court Record.)

4

Plaintiff being ordered to testify against him on behalf of inmate James.

Defendant Torres conspired with defendants Rodriguez, Sumaya, and Vogel; defendant Rodriguez conspired with defendant Sumaya; and defendant Moon and each defendant acted jointly in concert to deprive Plaintiff of medical treatments and to deprive Plaintiff of nutritionally balanced meals.

Plaintiff alleges that Magistrate Judge Gary S. Austin retaliated against him because Plaintiff filed this case, and also because on July 15, 2010, Plaintiff filed objections to Magistrate Judge Austin's findings and recommendations. Plaintiff alleges that Magistrate Judge Gary S. Austin conspired with District Judge Lawrence J. O'Neill to have this action dismissed, and further conspired with the Deputy Clerk of the Court in Fresno to openly discriminate against Plaintiff (who is transsexual and diagnosed with Gender Identity Dysphoria) by deliberately referring to Plaintiff as Lonnie Clark Williams, Jr., in furtherance of the conspiracy by defendants described above.

Plaintiff attempted to exhaust administrative remedies at the prison, but defendants Sumaya, Rodriguez, Moon, Torres, and Vogel hindered/hampered his efforts by cancelling the appeal because Plaintiff pointed out to defendant Sumaya that he (Sumaya) could not investigate a grievance that is also written against him, violating CCR Title 15 § 3084.5(e), the Director's Rules & Regulations, and the Administrative Procedure Act. Plaintiff also attempted to file a grievance against Magistrate Judge Gary S. Austin, but the appeals coordinator would not file the grievance, alleging that the prison and the CDCR do not have jurisdiction over the Magistrate Judge.

Plaintiff requests monetary damages.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

5

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.     18 U.S.C. §§ 241, 242

Plaintiff also attempts to proceed in this action pursuant to 18 U.S.C. §§ 241, 242. These statutes are found under Title 18 of the United States Code, Crimes and Criminal Procedure. As a rule, criminal actions may only be brought by the state and not by individuals. With limited exceptions, none of which apply to §1983 actions, federal law does not allow a private citizen to proceed against another citizen pursuant to a criminal statute. Therefore, Plaintiff lacks standing to proceed in this action under 18 U.S.C. §§ 241, 242, and these claims must be dismissed.

### B.     Defendant Dr. Moon - Exhaustion of Remedies

Plaintiff's only allegations against defendant Dr. Moon are for denial of medical care on November 5, 2009. This event occurred after the date Plaintiff filed the Complaint commencing this action on October 27, 2009. Plaintiff was cautioned in the Court's screening order of December 9, 2011, not to include claims that have not been administratively exhausted. (Doc. 32 at 18-19.) Because this event occurred after the date the Complaint was filed, it could not have been administratively exhausted before the Complaint was filed. Therefore, Dr. Moon and the claims against him must be dismissed from this action.

### C.     Defendant Magistrate Judge Gary S. Austin - Judicial Immunity

Plaintiff names Magistrate Judge Gary S. Austin as a defendant in this action, for violations of Plaintiff's constitutional rights based on Magistrate Judge Austin's rulings made in the present action. Federal judges are absolutely immune from civil liability for damages and declaratory, injunctive, and other equitable relief for their judicial acts. Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" Mullis, 828 F.2d at 1388 (quoting Stumpman v. Sparkman, 435 U.S. 349, 356-357 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. Id. at 1389. Plaintiff fails to allege any facts demonstrating any judicial act without

6

clear subject matter jurisdiction performed by Magistrate Judge Gary S. Austin. Therefore, Magistrate Judge Gary S. Austin is entitled to absolute judicial immunity, and the claims against him must be dismissed.[2]

**D.  Conspiracy**

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff alleges that defendant Torres told defendants Sumaya and Vogel to "make sure this faggot gets nothing," and the officers agreed. (4ACP at 6.) Plaintiff alleges that defendant Rodriguez told him, "Enjoy your stay here, because you don't have shit coming!" and "I spoke to Torres, so I know what is going on!" Id. Plaintiff also alleges that "[d]efendant Gary Torres conspired with defendants P. Rodriguez, H. A. Sumaya, and K. Vogel; and P. Rodriguez conspired with defendant H. A. Sumaya; and J. Moon and each defendant acted jointly in concert to deprive the plaintiff of medical treatments for Arsenic poisoning and failed to provide the plaintiff any

---

[2] Moreover, Plaintiff's allegations of acts by Magistrate Judge Gary L. Austin which occurred after the date the original complaint was filed are not part of this action. Unless permitted under exceptions not present here, an amended complaint may only set forth allegations concerning transactions, occurrences, or events which took place *before* the original complaint was filed. See Fed. R. Civ. P. 15.

7

treatments at all for Arsenic poisoning and deprived the plaintiff a nutritionally balanced meal(s) in furtherance of the conspiracy." Id. at 9:1-8.

Plaintiff fails to state a claim for conspiracy, because Plaintiff fails to allege any specific facts showing that any of the defendants made an agreement with each other to deprive Plaintiff of his constitutional rights. It is not sufficient to allege that the defendants "agreed," "conspired," or "acted jointly in concert." Plaintiff's vague and conclusory allegations are not sufficient to state a claim for conspiracy, and this claim should be dismissed.

### E.  Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that he was transferred to CSP en route to testify in court against officers including defendants Torres and Vogel, and upon his arrival at CSP, defendant Torres told him, "You want to testify against me?  This time I will try to kill you!" and Torres told defendants Sumaya and Vogel to "make sure this faggot gets nothing." (4ACP, Doc. 36 at 6.) On the following day, defendant Rodriguez told Plaintiff, "Enjoy your stay, because you don't have shit coming," and "I spoke to Torres, so I know what is going on!" Id.  Under liberal pleading standards, these allegations are sufficient to state a cognizable claim for retaliation against defendants Torres and Rodriguez.

Plaintiff also alleges that defendants Sumaya, Rodriguez, Moon, Torres, and Vogel cancelled his prison appeal because Plaintiff pointed out to defendant Sumaya that he (Sumaya) could not investigate a grievance that is also written against him. These allegations fail to state a claim for retaliation because Plaintiff has not alleged any facts showing that the appeal was cancelled *because* Plaintiff exercised his protected right to speak, and Plaintiff fails to allege that cancelling the appeal did not reasonably advance a legitimate correctional goal. Therefore, Plaintiff fails to state a

///

cognizable claim for retaliation against defendants Sumaya, Rodriguez, Moon, Torres, or Vogel for cancelling his appeal.

Plaintiff also fails to state a retaliation claim against defendant Vogel for deliberately denying him medical treatment, because Plaintiff provides no facts showing a nexus between defendant Vogel's actions and the fact that Plaintiff was scheduled to testify against defendant Vogel and other officers.

Thus, the Court finds that Plaintiff states a cognizable retaliation claim against defendants Torres and Rodriguez, but not against any other defendant.

### F.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff alleges that beginning on September 21, 2009, he was poisoned with arsenic every day at CSP until he was returned to NKSP. However, Plaintiff fails to link any individual defendant with an act, or omission to act, demonstrating that the defendant placed poison in Plaintiff's food, arranged for poisoned food to be served to Plaintiff, or allowed Plaintiff to be served poisoned food. Furthermore, Plaintiff fails to explain how he discovered that his food was being poisoned, or how he knew any defendant was responsible. Plaintiff's allegations only support Plaintiff's subjective

impression that he was suffering from symptoms attributed to arsenic poisoning. Plaintiff does not allege that he was diagnosed with arsenic poisoning based on his time spent at CSP in September 2009. While Plaintiff has described symptoms he suffered, Plaintiff is not qualified to make a medical diagnosis, and his conclusion that he was being poisoned, without more, does not support a claim.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement based on arsenic poisoning.

### G.   Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX , 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that defendant Vogel refused to assist Plaintiff in obtaining medical treatment after Plaintiff showed Vogel that he had vomited and told Vogel he was being poisoned and was very sick. Plaintiff alleges that Vogel responded to his request for medical treatment by stating, "What for? I don't see anything wrong with you," and then walking away. (4ACP, Doc. 36 at 8:19-20.) Plaintiff did not say he could not stop vomiting, nor did he say that he vomited more than once. Vomiting once is not clearly a "serious medical need" such that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." These allegations fail to show that defendant Vogel knew of an excessive risk to Plaintiff's health and consciously disregarded it.

Also, there is no indication that defendant Vogel had the requisite state of mind. Plaintiff told Vogel that he was very sick and being poisoned, but defendant Vogel's statement and behavior, "I don't see anything wrong with you" and walking away, does not show that he was deliberately indifferent. Mere indifference or even gross negligence is not enough. "Should have known" is not enough, no matter how severe the risk. "Under [the deliberate indifference] standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff also fails to allege facts demonstrating that any other defendant knew of and consciously disregarded an excessive risk to Plaintiff's health. As discussed above, "the indifference to [Plaintiff's] medical needs must be substantial" to state a claim, Broughton, 622 F.2d at 460. "'If

a prison official should have been aware of [a substantial] risk [of serious harm], but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on the foregoing, Plaintiff fails to state a cognizable claim for denial of medical care against any of the defendants, and this claim should be dismissed.

**H.     Appeals Process**

Plaintiff alleges that defendants Sumaya, Rodriguez, Moon, Torres, and Vogel improperly cancelled his prison appeal.

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

**V.    CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff states a cognizable claim for retaliation under the First Amendment against defendants Torres and Rodriguez. However, Plaintiff fails to state a claim against any other defendant upon which relief may be granted under section 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In this action, the Court previously granted Plaintiff three

opportunities to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed five complaints without stating a cognizable claim against any of the defendants except defendants Torres and Rodriguez.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. This action proceed with the Fourth Amended Complaint, filed on January 19, 2012, against only defendants Torres and Rodriguez for retaliation in violation of the First Amendment;

2. All other claims and defendants be dismissed from this action, for failure to state a claim;

3. Plaintiff's claims for conspiracy, adverse conditions of confinement, inadequate medical care, interference with the appeals process, and claims under 18 U.S.C. §§ 241, 242 be dismissed for failure to state a claim upon which relief may be granted under section 1983;

4. Defendants Sumaya, Moon, Vogel, and Austin be dismissed from this action, based on Plaintiff's failure to state any claims against them upon which relief may be granted under section 1983; and

5. This action be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

/////
/////
/////
/////
/////
/////
/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **June 18, 2012**                                  /s/ **Barbara A. McAuliffe**
                                                                                       UNITED STATES MAGISTRATE JUDGE