# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE |
| v. | (Doc. 49.) |
| P. RODRIGUEZ, et al., | |
| Defendants. | |

**I.  RELEVANT PROCEDURAL HISTORY**

Lonnie Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff on October 27, 2009. (Doc. 1.) This action now proceeds on the Fourth Amended Complaint filed on January 19, 2012, against defendants C/O Torres and C/O Rodriguez for retaliation under the First Amendment. (Doc. 36.) Service of process has been initiated, but no other parties have appeared.

On August 20, 2012, Plaintiff filed a motion for change of venue, which is now before the Court. (Doc. 49.)

**II.  CHANGE OF VENUE**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

1 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."  28 U.S.C. §1404(b). "A district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. §1404(c).

Plaintiff brings a motion for change of venue, from the Fresno Division of the Eastern District of California to the Sacramento Division of the Eastern District California, on the grounds that he is HIV-positive and has medical orders restricting him from being housed in Kings County because of the danger of contracting Valley Fever. Kings County is located in the Fresno Division.

Plaintiff does not argue that venue is not proper in the Eastern District.[1] Plaintiff's concern is that he will be transferred to a prison facility in Kings County where he will be exposed to Valley Fever. Plaintiff is presently incarcerated at the California State Prison-Sacramento ("CSP-Sac") in Represa, California, which is located in the Sacramento Division.

Plaintiff is advised that a change of venue from the Fresno Division to the Sacramento Division will not prevent him from being transferred by the CDCR to a facility within the Fresno Division.[2] To the extent that Plaintiff is concerned that he will be transferred to a facility in Kings County for trial in this action, such transfer depends on whether this case goes to trial and will not

---

[1] Because all of the defendants reside in the Eastern District, and all of the events giving rise to Plaintiff's claims occurred in the Eastern District, venue for this action is proper in the Eastern District, and the action could not have been brought in any other district.

[2] The Court lacks jurisdiction to issue an order requiring prison officials to refrain from transferring him to a particular facility, because the Court does not have such a case or controversy before it in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).

be decided until that juncture.  As stated above, "A district court may order any civil action to be tried at any place within the division in which it is pending."  28 U.S.C. §1404(c).  Therefore, Plaintiff's motion for change of venue shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III.     CONCLUSION

Based on the foregoing, Plaintiff's motion for change of venue, filed on August 20, 2012, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 12, 2012**                              **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE