# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>    Plaintiff,<br><br>    vs.<br><br>P. RODRIGUEZ, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-01882-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 53.) |

**I.     BACKGROUND**

Lonnie Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff on October 27, 2009. (Doc. 1.) This action now proceeds on the Fourth Amended Complaint filed on January 19, 2012, against defendants C/O Torres and C/O Rodriguez for retaliation under the First Amendment. (Doc. 36.) Service of process has been initiated, but no other parties have appeared.

On August 20, 2012, Plaintiff filed a motion for change of venue, which was denied by the Court's order issued on September 12, 2012. (Docs. 49, 52.) On September 24, 2012, Plaintiff filed a motion for reconsideration of the order denying the motion. (Doc. 53.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

1

and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 24, 2012, is DENIED; and
2. No other motions for reconsideration of the Court's order denying Plaintiff's motion for change of venue shall be considered by the Court.

IT IS SO ORDERED.

Dated:   September 26, 2012                    /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE