1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE CLARK WILLIAMS, JR., | 1:09-cv-01882-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE |
| v. | ORDER DENYING REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER |
| P. RODRIGUEZ, et al., | |
| Defendants. | ORDER GRANTING TEN-DAY EXTENSION OF TIME TO SUBMIT SERVICE DOCUMENTS, AS INSTRUCTED BY THIS ORDER |
| | (Doc. 63.) |

_____/

## I.    BACKGROUND

Lonnie Clark Williams, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On November 26, 2012, Plaintiff filed a motion for the District Court Judge to disqualify Magistrate Judge Gary S. Austin from proceeding with this action, to reconsider the Magistrate Judge's order denying Plaintiff's motion for change of venue, and to grant Plaintiff an extension of time to return service documents to the Court.  (Doc. 63.)

///

1

## II.     MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see Pesness v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesness at 1043. Under both recusal statutes, the substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990).; In re Corey, 892 F.2d 829, 839 (9th Cir. 1989). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). "'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

Plaintiff objects to the assignment of Magistrate Judge Gary S. Austin to this action, on the grounds that the Magistrate Judge is biased and prejudiced against Plaintiff, and because the Magistrate Judge is a defendant named in the Fourth Amended Complaint. Plaintiff claims that the Magistrate Judge refuses to allow the District Judge to rule on Plaintiff's motions, in order to prevent Plaintiff from appealing the rulings to the Ninth Circuit. Plaintiff also claims that the Magistrate Judge seeks to conspire with other Magistrate Judges to make unconstitutional rulings against Plaintiff. Plaintiff objects to the Magistrate Judge presiding over the pretrial matters in this case. ///

1    Plaintiff's motion for disqualification must be denied.  The Magistrate Judge has the

2  authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff

3  has not supported his motion with any evidence that the Magistrate Judge has a personal bias against

4  Plaintiff from an extra-judicial source.  As discussed above, a judge's rulings while presiding over

5  a case do not constitute extra-judicial conduct.  See Nilsson, 854 F.2d at 1548.  Plaintiff has not

6  provided any evidence of a conspiracy, and Plaintiff's disagreement with the Court's rulings is not

7  a legitimate ground for seeking disqualification.

8    Plaintiff's argument that the Magistrate Judge should be disqualified because he is a

9  defendant in this action is without merit.  On September 11, 2012, the undersigned issued an order

10 dismissing the Magistrate Judge as defendant from this action, based on Plaintiff's failure to state

11 any claims against him upon which relief may be granted under § 1983.

12    Based on this analysis, Plaintiff's motion for disqualification of Magistrate Judge Gary S.

13 Austin shall be denied.

14 **III.    MOTION FOR RECONSIDERATION**

15    Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's

16 ruling shall file a request for reconsideration by a Judge ... specifically designat[ing] the ruling, or

17 party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request

18 for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The

19 standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to

20 law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

21    Plaintiff requests reconsideration of the Magistrate Judge's ruling on Plaintiff's motion for

22 change of venue.  Plaintiff seeks a change of venue, from the Fresno Division of the Eastern District

23 of California to the Sacramento Division of the Eastern District of California, based on Plaintiff's

24 health.  Plaintiff asserts that he is HIV-positive, and it would be dangerous for him to be exposed to

25 the illness known as Valley Fever.  For this reason, Plaintiff argues that he is restricted from

26 attending court in Fresno and Kings Counties, where Valley Fever is present.  Plaintiff claims that

27 Magistrate Judge Austin improperly ruled on his motion for change of venue.

28

The Court has reviewed Plaintiff's motion for change of venue, filed on August 20, 2012, and the Magistrate Judge's order of September 12, 2012 denying the motion. (Docs. 49, 52.) The Court has also reviewed Plaintiff's prior motion for reconsideration filed on September 24, 2012, and the Magistrate Judge's order of September 26, 2012 denying the motion. (Docs. 53, 57.) The Court finds no evidence that the Magistrate Judge's rulings were clearly erroneous or contrary to law. The Court also finds that Plaintiff's present motion for reconsideration makes no new arguments that were not properly addressed and resolved by the Magistrate Judge in the orders of September 12, 2012 and September 26, 2012. Therefore, Plaintiff's present motion for reconsideration shall be denied.

## IV.    MOTION FOR EXTENSION OF TIME

Plaintiff requests a thirty-day extension of time to complete and submit service documents to the Court, pursuant to the Court's order of September 12, 2012. Plaintiff claims that he has been unable to submit the documents because prison personnel refuse to make copies of the Fourth Amended Complaint which Plaintiff is required to provide to the Court.

The Court's order of September 12, 2012 requires Plaintiff to submit three copies of the Fourth Amended Complaint, together with other documents, to enable service of process. (Doc. 51 at 2 ¶¶2-3.) Plaintiff shall be granted ten days in which to submit the service documents to the Court. If Plaintiff is unable to obtain photocopies of the Fourth Amended Complaint, he is required to submit, together with the service documents, his declaration signed under penalty of perjury declaring that he requested and was denied photocopies of the Fourth Amended Complaint. In the declaration, Plaintiff must state the date of the request, the nature of the request, the name or title of the person who refused to make the copies, and the reason given for the refusal. Plaintiff must also submit any documentation available as evidence that he submitted a request and was refused copies.

## V.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for disqualification of Magistrate Judge Gary S. Austin in this action is DENIED;

///

2.     Plaintiff's motion for reconsideration, by the District Court Judge, of the Magistrate Judge's order denying Plaintiff's motion for change of venue is DENIED;

3.     Plaintiff is granted  ten days from the date of service of this order in which to submit service documents, pursuant to the Court's order of September 12, 2012, as instructed by this order; and

4.     Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

**Dated:   January 4, 2013              /s/  Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE

5